**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROSIE DIANE THOMAS,

      Plaintiff-Appellant,

v.

BOARD OF EDUCATION, UNIFIED
SCHOOL DISTRICT NO. 501,
TOPEKA, KANSAS,

      Defendant-Appellee.

No. 97-3351
(D.C. No. 95-CV-4218-SAC)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a) (2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Rosie Diane Thomas brought this action against her former employer, the Board of Education of Unified School District No. 501, asserting claims for violation of the Equal Pay Act, 29 U.S.C. § 206(d); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and 42 U.S.C. § 1983. The district court granted summary judgment in defendant's favor on all claims, and Ms. Thomas appeals. We review the district court's grant of summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56(c). See Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995).

Ms. Thomas began working for defendant in 1984 as a transportation clerk and was eventually promoted to transportation supervisor in 1992, a position she held until her termination in 1994. As transportation supervisor, she supervised and scheduled eight full-time and six part-time school bus drivers and oversaw the contractor who provided the bulk of defendant's student transportation services. The transportation department Ms. Thomas supervised was located within defendant's service center, and the service center contained seven other departments: five maintenance departments (carpentry and painting, grounds and buildings, electrical systems, plumbing systems and custodial), the printing department, and the warehouse and distribution department. Defendant employed the same salary range for all supervisors of each of the departments within the service center for the period 1992 to 1995. All of the other supervisors were

male, and except for the custodial supervisor, their salaries all exceeded

Ms. Thomas's during the 1992 to 1994 period. [1]

The gist of Ms. Thomas's claims is that all of the supervisors performed

substantially equal work, but that she was paid less because of her gender. The

primary evidence she offers to support her contention regarding the equality of

the work is her opinion concerning what the various supervisors did, and the facts

that they performed similar common, primarily administrative-type functions and

were subject to the same salary schedule.

Addressing her Equal Pay Act claim first, the district court found that she

had not made her prima facie showing that she was performing work that was

substantially equal to that of the male employees, see Sprague v. Thorn Americas,

Inc., 129 F.3d 1355, 1364 (10th Cir. 1997), primarily because beyond the common

supervisory duties, she offered no evidence of how the work was substantially

equal. The court assumed that she could establish her prima facie case under

Title VII, which requires only a showing that the work be similar rather than

substantially equal, see id. at 1363. The court concluded, however, that her Title

---

[1] To provide some context for Ms. Thomas's claims, for the 1993-94 period, the salary range was $25,305 to 37,555. Her salary was $26,802. One of the other supervisors, who was hired after Ms. Thomas became transportation supervisor, made $29,000. All of the others made more than $30,000, except for the custodial supervisor, who, because of extenuating circumstances, was paid on an hourly basis and, excluding overtime, made less.

VII claim failed because she did not rebut defendant's proffered legitimate business reasons for paying the male supervisors more--the differences in skill, effort, and responsibility required by the positions. Ms. Thomas based her § 1983 claim on her right to equal protection. The district court concluded that because she had to prove the same intentional discrimination to support this claim as she was required to prove for her Title VII claim, see Randle v. City of Aurora, 69 F.3d 441, 450 (10th Cir. 1995); Lewis v. City of Fort Collins, 903 F.2d 752, 755 & n.1 (10th Cir. 1990), this claim failed for the same reason as her Title VII claim. The court also found that Ms. Thomas did not show that defendant could be subject to § 1983 liability on the basis that it had a policy or custom encouraging gender discrimination or could be held liable for any improper decisions of its policymaking officials. See Randle, 69 F.3d at 447-48. Finding all of Ms. Thomas's claims without merit, the court granted summary judgment in favor of defendant.

On appeal, Ms. Thomas challenges the district court's decision dismissing each of her claims. We have considered her arguments and reviewed the record, and conclude that the district court correctly rejected her claims. Thus, for substantially the same reasons as stated in the district court's October 31, 1997 memorandum and order, we affirm its grant of summary judgment in favor of

-4-

defendant on all of Ms. Thomas's claims.

AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge